**JOHNSON VAN KWAWEGEN LLP**
Chad Johnson (*pro hac vice*)
Lauren M. Cruz (SBN 299964)
10250 Constellation Blvd
Suite 2300
Los Angeles, CA 90067
Tel: (213) 266-9121
lauren@jvk-law.com

*Counsel for Movant the AQR Funds and Proposed Lead Counsel for the Class*

**GRANT & EISENHOFER P.A.**
Karin E. Fisch (*pro hac vice*)
Vincent J. Pontrello (*pro hac vice*)
485 Lexington Avenue
New York, NY 10017
Tel.: (646) 722-8500
kfisch@gelaw.com
vpontrello@gelaw.com

*Counsel for Movant the Ohio Funds and Proposed Lead Counsel for the Class*

[Additional counsel on signature page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

SAURAV MUKHERJEE, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

ROBLOX CORPORATION, DAVID BASZUCKI, and NAVEEN K. CHOPRA,

Defendants.

No. 4:26-cv-05489-HSG

CLASS ACTION

**STIPULATION AND ORDER AS MODIFIED APPOINTING CO-LEAD PLAINTIFF AND APPROVING SELECTION OF CO-LEAD COUNSEL**

POLICE & FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

ROBLOX CORPORATION, DAVID BASZUCKI, MICHAEL GUTHRIE, and NAVEEN K. CHOPRA,

Defendants.

No. 4:26-cv-07160-HSG

CLASS ACTION

WHEREAS, on June 8, 2026, a securities class action complaint was filed on behalf of investors in Roblox Corporation ("Roblox") in *Mukherjee v. Roblox Corp.*, No. 26-cv-5489 (N.D. Cal.) (the "Mukherjee Action"), and on July 13, 2026, a securities class action complaint was filed on behalf of investors in Roblox in *Police & Fire Ret. Sys. of the City of Detroit v. Roblox Corp.*, No. 26-cv-7160 (N.D. Cal.) (the "Detroit Action") (together, the "Related Actions");

WHEREAS, notice was published in Globe Newswire on June 8, 2026, regarding the first-filed Mukherjee Action, alerting investors to the pendency of the litigation, the claims alleged, and the August 7, 2026 deadline for any class member to move to be appointed Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and a subsequent notice was published in Business Wire on July 13, 2026, regarding the Detroit Action, notifying investors of the expanded Class Period but maintaining the August 7, 2026 deadline for lead plaintiff motions;

WHEREAS, the Related Actions are substantially similar and should be consolidated in accordance with Federal Rule of Civil Procedure 42(a);

WHEREAS, on August 7, 2026, the statutory deadline to seek appointment as Lead Plaintiff and Lead Counsel in the Related Actions, four movants filed such motions: (1) the AQR Apex MS Master Account, L.P., the AQR Style Premia Master Account, L.P., the AQR Funds – AQR Long-Short Equity Fund, and the AQR Funds – AQR Large Cap Defensive Style Fund (together, the "AQR Funds") (ECF No. 32)[1]; (2) Ohio Public Employees Retirement System ("Ohio PERS") and State Teachers Retirement System of Ohio ("Ohio STRS," and together with Ohio PERS, the "Ohio Funds") (ECF No. 34); (3) Albert Oram (ECF No. 17); and (4) Erste Asset Management GmbH ("Erste AM") and Police and Firemen's Retirement System of New Jersey ("PFRSNJ") (ECF No. 20);

WHEREAS, on August 12, 2026, Albert Oram withdrew his motion for appointment as Lead Plaintiff (ECF No. 52);

---

[1] All docket references herein are to the docket in the Mukherjee Action.

WHEREAS, on August 21, 2026, Erste AM and PFRSNJ filed a statement of non-opposition stating that they do not oppose the appointment of the movant with the largest financial interest (ECF No. 56), leaving only the motions of the AQR Funds and the Ohio Funds before the Court;

WHEREAS, the AQR Funds and the Ohio Funds each recognize that both have a significant financial interest in the litigation and satisfy the relevant requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23");

WHEREAS, the AQR Funds and the Ohio Funds have agreed that it is in the Class's best interest to amicably resolve their motions and pool their resources to efficiently prosecute this litigation together as Lead Plaintiff;

WHEREAS, the AQR Funds and the Ohio Funds are committed to jointly supervising this litigation and to ensuring that their chosen counsel coordinate appropriately; and

WHEREAS, proposed Lead Counsel have agreed to coordinate their work and allocate responsibilities in a manner designed to avoid unnecessary duplication of effort in the conduct of the litigation, including by:

i. designating a core team of attorneys at each firm with primary responsibility for this matter,

ii. coordinating the allocation and performance of major tasks between the firms,

iii. coordinating responsibility for drafting discovery requests and responses and conducting related meet-and-confer efforts,

iv. jointly creating and supervising a document review team,

v. assigning each deposition to one firm, and

vi. creating a combined trial team of attorneys with substantial trial experience;

IT IS HEREBY STIPULATED, that subject to the Court's approval, the AQR Funds and the Ohio Funds agree (i) to serve jointly as Lead Plaintiff; and (ii) to select Johnson Van Kwawegen LLP ("JVK") and Grant & Eisenhofer P.A. ("G&E") to serve as Lead Counsel, and Cohen Milstein

Sellers & Toll LLP ("Cohen Milstein") to serve as additional counsel for Lead Plaintiff in this matter.

**I. APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

1. The AQR Funds and the Ohio Funds have moved this Court to be jointly appointed as Lead Plaintiff in the Action and to approve their respective selections of counsel retained to be Lead Counsel and additional counsel.

2. Having considered the provisions of Section 21D(a)(3)(B) of the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B), the Court hereby determines that the AQR Funds and the Ohio Funds are the "most adequate plaintiff" and satisfy the applicable requirements of the PSLRA and Rule 23. The Court hereby appoints the AQR Funds and the Ohio Funds as Lead Plaintiff to represent the interests of the Class.

3. Pursuant to Section 21D(a)(3)(B)(v) of the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(v), the AQR Funds and the Ohio Funds have selected and retained the law firms of JVK and G&E to serve as Lead Counsel. The Court approves the AQR Funds' and the Ohio Funds' selection of Lead Counsel, and further approves their selection of Cohen Milstein to serve as additional counsel.

4. Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom Lead Counsel shall designate:

a. to coordinate the briefing and argument of all motions;

b. to coordinate the conduct of all discovery proceedings;

c. to coordinate the examination of all witnesses in depositions;

d. to coordinate the selection of counsel to act as spokesperson at all pretrial conferences;

e. to call meetings of plaintiffs' counsel as necessary and appropriate from time to time;

f. to coordinate all settlement negotiations with counsel for defendants;

g. to coordinate and direct pretrial discovery proceedings and preparation for trial and the trial of this matter;

h. to consult with and employ experts;

i. to coordinate the preparation and filing of all pleadings; and

j. to supervise or conduct all other matters concerning the prosecution or resolution of the claims asserted in the Related Actions.

5. No motion, discovery request, or other pretrial proceedings shall be initiated or filed by any plaintiffs without the approval of Lead Counsel, so as to prevent duplicative pleadings or discovery by plaintiffs. No settlement negotiations shall be conducted without the approval of Lead Counsel.

6. Service upon any plaintiff of all pleadings, motions, or other papers in the Action, except those specifically addressed to a plaintiff other than Lead Plaintiff, shall be completed upon service of Lead Counsel.

7. Lead Counsel shall be the contact between plaintiffs' counsel and defendants' counsel, as well as the spokespersons for all plaintiffs' counsel, and shall direct and coordinate the activities of plaintiffs' counsel. Defendants' counsel may rely upon all agreements made with any appointed counsel, or other duly authorized representative of appointed counsel, and such agreements shall be binding on all plaintiffs. Lead Counsel shall also be the contact between the Court and plaintiffs and their counsel.

## II. TERMINATION OF PENDING MOTIONS

8. The pending motions for appointment of lead plaintiffs and lead counsel – ECF Nos. 20, 32, and 34 in the Mukherjee Action (Case No. 26-cv-5489) and ECF Nos. 18, 30 and 44 in the Detroit Action (Case No. 26-cv-7160) – are hereby terminated.

## III. NEWLY FILED OR TRANSFERRED ACTIONS

9. When a case that arises out of the subject matter of the Related Actions is hereinafter filed in this Court or transferred from another Court, the Clerk of this Court shall: (a) file a copy of this Order in the separate file for such action; (b) mail a copy of this Order to the

attorneys for the plaintiff(s) in the newly filed or transferred case and to any new defendant(s) in the newly filed or transferred case; and (c) make the appropriate entry on the docket for this action.

10. Each new case that arises out of the subject matter of the action that is filed in this Court or transferred to this Court shall be consolidated with the Related Actions and this Order shall apply thereto, unless a party objecting to this Order or any provision of this Order shall, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, file an application for relief from this Order or any provision herein and this Court deems it appropriate to grant such application.

11. During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody or control, including computer-generated and stored information and materials such as computerized data and electronic mail, containing information that is relevant to the parties' claims or defenses in the pending litigation.

## IV. CONSOLIDATION AND CAPTION

12. The AQR Funds' and Ohio Funds' motion for consolidation of the Related Actions is granted.

13. Every pleading in this action, and any related action that is consolidated with this action, shall be filed on the docket in the Mukherjee Action, and shall bear the following caption:

| | |
|---|---|
| *In re Roblox Corporation Securities Litigation* | Case No. 4:26-cv-05489-HSG |

Dated: October 6, 2026

Respectfully submitted,

**JOHNSON VAN KWAWEGEN LLP**

*/s/ Lauren M. Cruz*

Lauren M. Cruz (SBN 299964)
10250 Constellation Blvd, Suite 2300
Los Angeles, CA 90067
Tel: (213) 266-9121
lauren@jvk-law.com

Chad Johnson (*pro hac vice*)
Noam Mandel (*pro hac vice* forthcoming)
Jonathan Zweig (*pro hac vice*)
485 Madison Ave., 15th Floor
New York, NY 10022
(646) 836-9630
chad@jvk-law.com
noam@jvk-law.com
jonathan@jvk-law.com

*Counsel for Movant the AQR Funds and Proposed Lead Counsel for the Class*

**GRANT & EISENHOFER P.A.**

*/s/ Karin E. Fisch*

Karin E. Fisch (*pro hac vice*)
Vincent J. Pontrello (*pro hac vice*)
485 Lexington Avenue
New York, NY 10017
Tel.: (646) 722-8500
kfisch@gelaw.com
vpontrello@gelaw.com

*Counsel for Movant the Ohio Funds and Proposed Lead Counsel for the Class*

**COHEN MILSTEIN SELLERS & TOLL LLP**

Laura H. Posner (*pro hac vice* forthcoming)
88 Pine Street, 14th Floor
New York, NY 10005
Tel.: (212) 220-2925
lposner@cohenmilstein.com

*Additional Counsel for Proposed Lead Plaintiff*

**CERTIFICATE PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Lauren M. Cruz, am the ECF User whose identification and password are being used to file this document. Pursuant to Civil Local Rule 5-1(i)(3), I attest that all signatories concur in filing this stipulation.

/s/ Lauren M. Cruz
Lauren M. Cruz

**ORDER AS MODIFIED**

Having reviewed the supplemental joint declaration filed by the AQR Funds and Ohio Funds explaining why this stipulation and proposed order is beneficial for the putative class, *see* Dkt. No. 84 in Case No. 26-cv-05489-HSG, the Court **GRANTS** the above stipulation to appoint the AQR Funds and Ohio Funds as Co-Lead Plaintiffs; Johnson Van Kwawegen LLP and Grant & Eisenhofer P.A. as Co-Lead Counsel; and Cohen Milstein Sellers & Toll L.L.P. as additional counsel for Co-Lead Plaintiffs, with the following modifications:

Pursuant to Federal Rule of Civil Procedure 42(a), *Police & Fire Retirement System of the City of Detroit v. Roblox Corporation*, Case No. 26-cv-07160-HSG, is consolidated into the earlier-filed *Mukherjee v. Roblox Corporation*, Case No. 26-cv-05489-HSG, which shall serve as the Lead Case. The Clerk is directed to administratively close the later-filed case, Case No. 26-cv-07160-HSG. All future filings should be done in the Lead Case only.

The Court does not adopt Paragraphs 9 and 10 of the Stipulation above. If any party believes a case that is subsequently filed in, or transferred to, this District is related to the Lead Case, the party shall file an Administrative Motion to Consider Whether Cases Should be Related pursuant to Northern District of California Civil Local Rule 3-12. If the Court grants the motion to relate, the party may then file a motion or stipulation to consolidate the new case with the Lead Case.

This terminates Dkt. Nos. 20, 32, 34, 54, and 59 in *Mukherjee v. Roblox Corporation*, Case No. 26-cv-05489-HSG, and Dkt. Nos. 18, 30, 44, 46, and 50 in *Police & Fire Retirement System of the City of Detroit v. Roblox Corporation*, Case No. 26-cv-07160-HSG.

The Court further specially **SETS** a case management conference on November 5, 2026, at 10:00 a.m. The hearing will be held by Public Zoom Webinar. All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/hsg. All attorneys and pro se litigants appearing for the case management conference are required to join at least 15 minutes before the hearing to check in with the courtroom deputy and test internet, video, and audio capabilities. The parties are further

**DIRECTED** to file a joint case management statement by October 29, 2026. The parties should be prepared to discuss how to move this consolidated case forward efficiently.

**IT IS SO ORDERED.**

**DATED**: 10/21/2026

Haywood S. Gilliam, Jr.

HONORABLE HAYWOOD S. GILLIAM, JR.
UNITED STATES DISTRICT JUDGE